Manly, J.
 

 The law has been substantially administered in • this case, and the appellant has no just ground of complaint. We are clearly of opinion, that the words in the second count ought not to have been pronounced actionable,
 
 per se,
 
 by the Court. And whether they ought to have been submitted to the jury as a doubtful idiom, depending upon local usage, or determined by the Court as matter of judicial Construction, is indifferent to the appellant; for
 
 quaeungue vié data,
 
 the result to him is the same.
 

 Upon a submission of the point in dispute, to the jury, they found correctly; that the words did not impute the offense of larceny; and, therefore, any error committed by his Honor, in turning the matter over to them, was, under the circumstances, innocuous.
 

 The words, taken in their most defamatory sense, mean nothing more than, that the plaintiff had dealt with the canoe in some way that was
 
 eguivalent
 
 to stealing it. By implica1 tion, the idea of the precise offense of stealing is excludedi For it was something like it, but not the felony itself, and, as things
 
 Uice,
 
 are not the same, it follows it was not stealing* with which the plaintiff1 was accused. It is well settled in North Carolina, that defamatory words, actionable
 
 per
 
 se, must impüte an offense, for which the accused, if cdnvictedj
 
 *68
 
 would suffer punishment of an infamous nature j a matter of moral taint, short of this, would not do. No such offense is imputed by the terms used, and, therefore, the words, of themselves, are not actionable ;
 
 Brady
 
 v. Wilson, 4 Hawks, 93 ;
 
 Skinner
 
 v. White, 1 Dev. and Bat., 471;
 
 Wall
 
 v.
 
 Hoskins,
 
 5 Ired. 177.
 

 We have treated of the words in question, in deciding upon their import intrinsically, as they are found in the declaration, without the help of explanatory avérments of any kind. As they have not been helped by
 
 colloquium
 
 and
 
 innuendo,.
 
 whose office it is to give an actionable meaning to words, otherwise uncertain or innocent, we suppose they could notbesO' aided. Indeed, we take it, the words constitute a form of expression, frequently resorted to by persons not precise or definite in their use of terms, to indicate a trespass or
 
 breacJi of
 
 trust, involving a moral guilt, equal to theft. No such imputation constitutes legal slander in North Carolina, as- will be seen by reference to the case last above cited.
 

 The cases in the early English Reporters, which have been brought to our attention, are not all reconcilable with each other, but this general principle runs through, and governs most of them, that the words must charge a crime directly, or by necessary implication. Thus in
 
 Halley
 
 v.
 
 Stanton,
 
 Croke Charles, 269, these words, “ he was arraigned for stealing hogs, and if he had not made good friends, it had gone hard with him,” were held actionable, because the latter words, “ if he had not made good friends, &c.” showed that the speaker believed the truth of the accusation ; while in
 
 Bayly
 
 v. Churrington, Croke Eliz. 279, the words “thou wert arraigned for two bullocks,” were held
 
 not
 
 to be actionable, because the words do not charge stealing, but only an accusation of it. So, in a later case of
 
 Curtis
 
 v.
 
 Curtis,
 
 25 Eng. Conn. Law Rep. 206, the words, “ you have committed an act for which I can transport you,” are held actionable, for it shall be intended he had committed some crime, for which he was liable to transportation. The case is said to be similar in principle to
 
 Donned
 
 case, Croke Eliz. 62, where the
 
 *69
 
 following words were held to be actionable : “ If you had your deserts, you had been hanged before now.” It shall be intended that the ¡speaker meant he had committed a crime for which he deserved to be hanged.
 

 The case of
 
 Drummond
 
 v. Leslie, 5 Blackford’s Indiana Reports, 453, is in conflict with the current of English cases, and, certainly, with ours.
 

 Whatever fluctuation of opinion.the cases abroad may present, we think the 'law is settled in North Carolina to be as above stated : That words are not actionablé
 
 jper se,
 
 except they impute an offense, subject to infamous punishment directly, or by intendment, to -be -made manifest by proper averments.
 

 Per Curiam,
 

 Judgment affirmed